Keilembo D. Ellison #032843
**ELLISON LAW OFFICE**
P.O. Box 90601
Phoenix, Arizona 85066
Tel: 602.292.8017
Fax:612.844.2773
k@kellisonlegal.com
ellisonlawoffice@gmail.com
*Attorney for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 2:24-cr-00169-JJT |
| Plaintiff, | |
| vs. | DEFENDANT'S SENTENCING MEMORANDUM |
| Lisa Burke, | |
| Defendant. | |

Comes now defendant, Lisa Burke, by and through her attorney, and respectfully requests that this Court consider the following information when imposing sentence in this matter.

Title 18 U.S.C. §3553(a) states in pertinent part that (a) the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in paragraph (2) of this subsection, the court, in determining the particular sentence to be imposed, shall consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or correctional treatment in the most effective manner.

DEFENDANT'S SENTENCING MEMORANDUM - 1

18 U.S.C. §3553(a).

While the advisory Guidelines suggest a custodial sentence, the specific facts of this case—combined with Ms. Burke's traumatic history, her exploitation by a sophisticated co-defendant, and her extraordinary efforts toward rehabilitation—strongly support a variance for probation.

**Nature and Circumstances of the Offense**

The nature and circumstances of the offense are mostly reflected in the presentence report. Ms. Burke appears before this Court for sentencing following her guilty plea to one count of Material False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2. Ms. Burke is a 24-year-old first-time offender, who was taken advantage of and acted out of desperation due to her financial circumstances.  After some initial denials, Mr. Burke quickly came clean and was fully cooperative with agents.

Ms. Burke was not a leader or organizer and was recruited by co-defendant Lugo-Moya. Mr. Lugo-Moya was unable to legally purchase guns due to the fact he was not a United States citizen and capitalized on her circumstances, enticing Ms. Burke into making what she believed was easy money with no dangers involved; she has since learned how inaccurate this belief was.

**History and Characteristics of the Defendant**

Ms. Burke's life has been defined by instability and trauma. Her mother suffered from bipolar disorder and drug addiction, and Ms. Burke was placed in the care of her grandmother after her mother's death in 2008.  Following her grandmother's illness, Ms. Burke was placed with an aunt and uncle whom she describes as militaristic and abusive; on one occasion, her uncle placed his hand around her throat and threatened her. By age 16, she was placed in foster care and attempted suicide twice due to feelings of abandonment.

As an adult, Ms. Burke survived a physically abusive relationship with the father of her first child, which resulted in her becoming homeless.  It was during a subsequent period of

DEFENDANT'S SENTENCING MEMORANDUM - 2

homelessness and pregnancy that she was introduced to Juan Lugo-Moya, leading to the instant offense.

Ms. Burke, a survivor of severe childhood trauma and domestic abuse, was a mere 22 years old at the time of this offense and was struggling to provide the basics for her child, with one on the way.  Now, at 24, she remains the sole provider for her three young children, including a newborn, and is working hard to care for herself and her family.  Up until recently, Ms. Burke was working two jobs, but ultimately was not getting enough hours at her second job and was fortunate enough to have enough hours at her primary job to focus on that job exclusively. Ms. Burke has been able to maintain stable housing and still care for her children.

Unfortunately, Ms. Burke has recently had to deal with additional hardships due to ending her relationship with her significant other. He typically cared for the children while she worked, avoiding daycare costs.  Now that that resource is not available, she has added burdens to address. She must either reduce her work schedule at times because she does not have daycare or she must find a way to pay for day care.  However, instead of turning to questionable ways to make more money, she has used her available resources to help her cope.  First, she has gotten a great deal of help and assistance from her therapist to manage the added stress.  Additionally, she was brave enough to reach out for help, requesting additional services and supports from DCS (which they are working with her on).  It should be clear that Ms. Burke has made significant strides in life and made virtually a complete 180 degree turn around since the offense when she was homeless.

**The Need for the Sentence to Reflect Seriousness of the Offense, Promote Respect for the Law, and to Provide Just Punishment**

A sentence of probation reflects the seriousness of the offense while recognizing Ms. Burke's minor role compared to the firearm trafficker who exploited her. It affords adequate deterrence without removing a mother from her family and newborn child. As noted in the PSR, Ms. Burke appears to be a "low risk to the community and to reoffend based on her age, familial

DEFENDANT'S SENTENCING MEMORANDUM - 3

responsibilities, and lack of criminal history".

**Need for Sentence to Afford Adequate Deterrence and Protect the Public From Further Crimes of the Defendant**

Ms. Burke poses virtually no risk to re-offend and presents no danger to the community. Her involvement in this offense was an aberration driven by desperate circumstances rather than criminal propensity.  Ms. Burke was recruited by a co-defendant who acted as an organizer/leader. She was homeless and pregnant at the time, making her susceptible to Lugo-Moya's financial inducements.  Her criminal actions were built off desperation and ignorance.  There is not much more that needs to be done to deter Ms. Burke from engaging in this type of activity again in the future. Nonetheless, probation and the additional oversight that comes with it, along with the risk of additional time in custody and away from her family, will be an extremely strong deterrent for Ms. Burke.

She has grown significantly and learned a great deal since this incident.  Her treatment and continued employment have done a great deal for her confidence and stability.  This is shown by her bravery in reaching out for help despite the real possibility her request could have led to removal of her children from her care.

Ms. Burke comes before this Court as a first-time offender, who has shown strong compliance while on pretrial services.  Despite significant transportation and childcare hurdles, Ms. Burke engaged in mental health and substance abuse counseling with Community Bridges Inc. and did this while working two jobs.  While Ms. Burke tested positive for THC during pretrial supervision, she admitted to the use and quickly got back to her sobriety and has since consistently tested negative for any illegal substances.

**Need for Sentence to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Correctional Treatment in the most Effective Manner.**

The most effective way to provide for Ms. Burke's needs and build off the progress she

DEFENDANT'S SENTENCING MEMORANDUM - 4

has made is to allow her to remain in the community working with the resources available to her. She is already actively engaged in mental health counseling and rehabilitation services and has no intention of discontinuing those services as she finds them extremely helpful.  These services have allowed her to grow and continue to strengthen her confidence, sobriety, and emotional health for herself and her children. Removing these services and resources would be counterproductive and potentially cause much more harm than good.

Incarceration would disrupt her stable employment and her continued engagement in counseling. Allowing her to remain in the community on probation would enable her to maintain her employment, potentially pursue more lucrative employment options along with educational opportunities, and continue the positive progress she has made in addressing her mental health needs. A probationary sentence allows supervision to act as a deterrent and be more effective than incarceration, which would pause her progress.  If the Court believes educational or vocational training are necessary, it should be ordered as part of her conditions of probation.

The United States Probation Office has conducted a thorough investigation and recommends a sentence of 36 months of probation. Ms. Burke respectfully requests that this Court adopt the Probation Office's recommendation, as it is sufficient, but not greater than necessary, to achieve the goals of sentencing under 18 U.S.C. § 3553(a).

**V. CONCLUSION**

The Probation Office has concluded that a sentence within the guideline range is "greater than necessary" and that Ms. Burke's history and characteristics warrant a downward variance to probation. Ms. Burke has accepted responsibility, is working to support her family, and is actively treating her mental health needs.

For these reasons, Lisa Burke respectfully requests that this Court follow the recommendation of the Probation Office and impose a sentence of 36 months of probation.

DEFENDANT'S SENTENCING MEMORANDUM - 5

RESPECTFULLY SUBMITTED this 12th day of April, 2026

**ELLISON LAW OFFICE**

By:    /s/ Keilembo D. Ellison

Keilembo D. Ellison
*Attorney for Defendant*

I hereby certify that on April 12, 2026, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal to the following ECF registrants:

Clerk's Office
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

Patrick Chapman
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

By: */s/ Keilembo D. Ellison*
Keilembo D. Ellison

DEFENDANT'S SENTENCING MEMORANDUM - 6