TIMOTHY COURCHAINE
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Arizona State Bar No. 025407
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Patrick.Chapman@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-00169-003-PHX-JJT |
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Lisa Diane Burke, | |
| Defendant. | |

The United States recommends that this Court sentence the defendant to no greater than 12 months and one day of imprisonment. Such a sentence is sufficient, but not greater than necessary in light of the sentencing factors in 18 U.S.C. § 3553 and to comply with the purposes of sentencing.

**I.    FACTS**

On January 4, 2024, Mo Money Pawn Shop called ATF about a suspicious firearms purchase by Noe Lugo-Moya (Noe). (PSR at ¶ 11.) Investigation at the time revealed that Noe had purchased roughly 30 firearms of the same style and caliber since September 2023, with little working knowledge of the firearms. (*Id*.) Based on the suspicious activity, Mo Money Pawn Shop delayed the transaction for a day. (*Id*.) On January 5, Noe was cleared to pick up his rifle and ATF set up surveillance for an interdiction. (*Id*. at ¶ 12.) On that date, ATF agents watched as Noe arrived at the business, entered the pawn shop, and came

out with a rifle. (*Id.*)

While surveilling Noe, agents saw a second vehicle arrive and park directly behind Noe. (*Id.*) Agents watched as a female exited this vehicle and entered the pawn shop. (*Id.*) A pawn shop employee notified agents that the female, identified as the defendant, Lisa Burke, was purchasing two AK-style rifles. (*Id.*) Agents then contacted Noe and the defendant and identified Juan Daniel Lugo-Moya as the passenger in the defendant's vehicle. (*Id.*)

When interviewed, the defendant initially claimed she was going to trade the two firearms she had just purchased and denied knowing the occupants of the seemingly connected vehicle in the parking lot. (*Id.* at ¶ 13.) She admitted to using a false address on ATF Form 4473. (*Id.*) The defendant eventually admitted that Juan Daniel Lugo-Moya had recruited her to purchase firearms on his behalf, paying her about $150 to $200 per firearm. (*Id.*) She indicated that she had purchased firearms on approximately ten occasions at different federal firearms licensees. (*Id.*) The defendant claimed she did so to buy Christmas presents for her children with the money. (*Id.*) The defendant also admitted that Juan could not buy firearms because he "was from Mexico." (*Id.* at ¶ 24.)

Further research into the group's firearms trafficking activity revealed that Noe had purchased 44 firearms of similar make and model in the previous five months. (*Id.* at ¶ 16.) Agents found that the defendant had purchased ten firearms in less than a month prior to ATF contact. (*Id.* at ¶ 18.)

## II.    PRESENTENCE REPORT GUIDELINES CALCULATION

The Presentence Report (PSR) calculates the defendant's Total Offense Level at 17, following adjustments for the number of firearms, transfer to a prohibited possessor, and acceptance of responsibility. (*Id.* at ¶ 27 – 28, 34 – 36.) The PSR calculates the defendant's guideline range at 24 – 30 months at Criminal History Category I. (*Id.* at ¶ 91.) The PSR recommends 36 months' probation, based on a downward variance due to the defendant's history and characteristics.

### III.    ANALYSIS

The United States recommends that this Court sentence the defendant to no greater than 12 months and one day of imprisonment, based on the circumstances of the offense, her history and characteristics, and other 18 U.S.C. § 3553(a) factors. The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties."  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). Pursuant to the 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). When considering the § 3553(a) factors, the government's requested sentence is sufficient, but not greater than necessary, to achieve the principles of sentencing.

First, the defendant's conduct weighs in favor of the requested sentence. The defendant falsely listed an address on multiple ATF Forms 4473 and straw purchased firearms for her friend's boyfriend. The firearms were mainly Century Arms VSKA rifles, which are cheap AK-style rifles often trafficked to Mexico due to their affordability and availability in bulk. The conduct is serious, as there is no legitimate or lawful reason to buy firearms for someone who cannot, and it only serves to arm those who wish to engage in violence.

Notwithstanding the conduct, the defendant's history and characteristics show a person who was homeless, not receiving support from the fathers of her children, and

desperate to make money. The defendant has a history of substance abuse – primarily marijuana – but this likely stems from her adverse childhood experiences. These experiences include potential sexual abuse, physical abuse, a single-parent household, parental drug addiction, and mental health crises. The PSR also indicates at least two suicide attempts. As recently as June 2025, the defendant did not have working utilities at her home. The defendant's history and characteristics do not excuse the defendant's conduct, but help explain her motive.

On balance, a sentence of no greater than 12 months and one day of imprisonment would appropriately punish the defendant for her conduct while accounting for her unique circumstances. Despite her challenges, the defendant has no prior convictions of any kind, indicating that this was aberrant behavior. Further, due to her lack of criminal history, the disability of felony will likely have a significant deterrent effect. The government does have concerns with the defendant's marijuana usage and stability, given her pretrial release violations. But a sentence of probation, and not incarceration, might better address these issues.

Respectfully submitted this 15th day of April, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

 s/ Patrick E. Chapman
PATRICK E. CHAPMAN
Assistant U.S. Attorney

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on the foregoing date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Keilembo Ellison
*Attorney for Defendant*

*s/ Patrick E. Chapman*
United States Attorney's Office